**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

**Phillip Wight**

    v.

Case No. 18-cv-812-PB
Opinion No. 2019 DNH 118

**D'Amante Pellerin Associates et al.**


**ORDER**

Pro se plaintiff Phillip Wight filed this matter in Merrimack County Superior Court, asserting claims for common-law negligence and violations of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act. He sued ten defendants, including his former business partner, his partner's lawyers, and various state and federal entities. The defendants removed the action to this court based on federal question jurisdiction. I dismissed the original complaint against the Commissioner of Social Security Administration for failure to exhaust administrative remedies and against the remaining defendants for failure to state a claim. See Wight v. D'Amante Pellerin Assocs., 2018 DNH 230, 2018 WL 6188363, at *3-7 (D.N.H. Nov. 27, 2018). I allowed Wight to amend his complaint.

Wight has filed his amended complaint along with more than 70 pages of documents. See Doc. No. 41, 42, 42-1. In addition to the original claims, the amended complaint appears to assert claims for defamation against all defendants, breach of

fiduciary duty against Wight's former business partner Keith Richard, and civil conspiracy against Richard and Richard's lawyers at D'Amante Couser Pellerin & Associates ("D'Amante"). Seven of nine defendants named in the amended complaint have moved for dismissal of all claims against them.[1]

The amended complaint fails to cure the defects of the original complaint concerning the claims for negligence and discrimination based on disability. Therefore, I dismiss those claims against all defendants for the reasons set forth in my prior dismissal order. See Wight, 2018 WL 6188363, at *3-7.

The amended complaint also fails to state a defamation claim against any defendant. Wight has failed to allege "facts that would show that [any] defendant failed to exercise reasonable care in publishing a false and defamatory statement of fact about the plaintiff to a third party." Sanguedolce v. Wolfe, 164 N.H. 644, 645–46 (2013) (internal quotation marks omitted). Specifically, the amended complaint does not identify an allegedly defamatory statement, who made it, when it was made, or to whom it was published. See Cluff-Landry v. Roman

---

[1] The remaining defendants, U.S. Senators Jeanne Shaheen and Maggie Hassan, were belatedly served and have until August 29, 2019 to respond to the amended complaint. Because the claims against the Senators fail on the same grounds as the claims against the other defendants, I dismiss the claims sua sponte.

2

Catholic Bishop of Manchester, 169 N.H. 670, 680 (2017).

Accordingly, the defamation claims are dismissed.

The remaining claims are for breach of fiduciary duty against Richard and civil conspiracy against Richard and the D'Amante law firm.  Although the amended complaint contains some factual allegations supporting those claims,[2] I need not evaluate their sufficiency.  Having dismissed all federal claims at this early stage of the litigation, I decline to exercise supplemental jurisdiction over the remaining state-law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . .").  The remaining claims are remanded to state court.

In summary, I dismiss all claims except for the two state-law claims against Richard and the D'Amante law firm.  The clerk is directed to remand the surviving claims to Merrimack County Superior Court, enter judgment for the defendants as to all other claims, and close the case.

---

[2]    Specifically, Wight alleges that Richard siphoned funds from their joint business entity, Big Green Recycling LLC, into an account associated with another entity bearing the same name that was controlled by individuals associated with Richard. Richard allegedly conspired with D'Amante to set up that alternative entity for this unlawful purpose.

3

SO ORDERED.

/s/ Paul Barbadoro
Paul Barbadoro
United States District Judge

July 31, 2019


cc:  Phillip Wight, pro se
     Andru H. Volinsky, Esq.
     Hilary Holmes Rheaume, Esq.
     T. David Plourde, Esq.
     Anthony Galdieri, Esq.
     Karyl Roberts Martin, Esq.
     Jeanine M. Girgenti, Esq.
     Elizabeth M. Lacombe, Esq.
     Bruce Joseph Marshall, Esq.
     Kathryn M. Bradley, Esq.
     Adam R. Mordecai, Esq.

4